UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| ANDREW GEROW,<br><br>　　　　Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>　　　　Defendant. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 2:15-CV-00894-EJF<br><br>Magistrate Judge Evelyn J. Furse |

All parties in this case have consented to having United States Magistrate Evelyn J. Furse conduct all proceeding this this case, including entry of final judgment, with appeal to the United States Court of Appeals for the Tenth Circuit. (*See* 28 U.S.C. § 636 (c); F.R.C.P. 73; Docket ("Dkt") 15). Plaintiff, Andrew Gerow, ("Mr. Gerow") appeals the Commissioner of Social Security's decision denying his claim for Disability Insurance Benefits under Title II of the Social Security Act (the Act), 42 U.S.C.§§401-433, as well as, Supplemental Security Income, 42 U.S.C. §§1381-1383f. (Dkt. 3). Having considered the parties' briefs, the administrative record, the arguments of counsel, and the relevant law, the Court REVERSES and REMANDS the Commissioner's decision for further consideration.

## BACKGROUND

Mr. Gerow filed an application for Disability Insurance Benefits ("DIB"), as well as, Supplemental Security Income ("SSI") on October 9, 2014, alleging disability beginning June 1, 2003. (A.R. 182-188, 189-197). Mr. Gerow's claim was initially denied on January 16, 2015, and upon reconsideration on April 30, 2015. (A.R. 75-76, 117-118). Thereafter, Mr. Gerow

timely requested a hearing before an Administrative Law Judge ("ALJ") on May 14, 2015. (A.R. 135-137).

A hearing was held on August 15, 2015 in St. George, Utah before Administrative Law Judge, Christopher R. Daniels. (A.R. 27-44). At the hearing, Mr. Gerow's onset date was amended to December 31, 2008. (A.R. 12). The ALJ issued a decision finding Mr. Gerow not disabled on August 31, 2015. (A.R. 7-26). The Appeals Council denied Mr. Gerow's request for review on November 20, 2015. (A.R. 1-3). This Appeals Council denial was the final administrative decision of the Commissioner of Social Security in this case. Thus, the ALJ decision stands as the final decision of the Commissioner.

Mr. Gerow brought this action to appeal the Commissioner's decision pursuant to 24 U.S.C. § 405(g), which provides for judicial review of the defendant's final decision.

**A. Factual History**

Mr. Gerow is treated by Dr. Stephen Clark. Dr. Clark diagnosed chronic back pain and arthritis. (A.R. 304, 325). He prescribed methadone for Mr. Gerow's physical pain. (A.R. 298). Mr. Gerow has depression and anxiety that is treated with medication. (A.R. 298, 301). In 2009, Dr. Clark noted that Mr. Gerow was under his care for depression, chronic pain, and abnormal liver function tests. (A.R. 319).

During this time, Mr. Gerow was also seen for issues with his prostate and urination. (A.R. 320, 322, 325). Imaging studies show small cysts on his kidneys. (A.R. 331). X-rays of Mr. Gerow's knees show mild to moderate degenerative arthropathic changes. (A.R. 353). X-rays of the lumbar spine show mild scoliosis and spondylitic changes manifested as endplate sclerosis, marginal spurring, and lower lumbar fact arthropathy. (A.R. 354). Due to his chronic

pain, Mr. Gerow was referred to a sports medicine specialist who diagnosed a cramping syndrome. (A.R. 334-335).

In May 2015, Dr. Clark noted Mr. Gerow was hearing voices. (A.R. 430). His chronic headaches were worsening and he was experiencing vertigo. (A.R. 430). He had increased urinary frequency and chronic abdominal pain. (A.R. 430).

Mr. Gerow was seen at Southwest Mental Health for counseling. (A.R. 436). He was diagnosed with depressive disorder and a psychotic disorder. (A.R. 436). He noted side-effects of increased appetite and somnolence with his medications. (A.R. 436, 445).

In June 2015, Mr. Gerow was reporting daily headaches, depression and anxiety, urinary frequency, chronic pain of the legs and back, abdominal pain, and vertigo. (A.R. 427).

A physical consultative exam was performed by Dr. Joseph Nelson in September 2012. (A.R. 346). Dr. Nelson opined that Mr. Gerow could perform up to light duty work. (A.R. 351).

Dr. Clark filled out a residual functional capacity form in 2014. (A.R. 369). He diagnosed chronic low back pain and knee pain supported by x-rays. (A.R. 363). He noted digestive system issues and abdominal pain. (A.R. 365, 370). He stated Mr. Gerow has chronic headaches and fatigue. (A.R. 370). Dr. Clark diagnosed mental disorders including anxiety, depression, delusions, paranoia, panic disorder, and suicidal ideation. (A.R. 367). These cause Mr. Gerow to be withdrawn and have mood swings. (A.R. 367). Dr. Clark noted that a spinal MRI and CT scan of the brain were recommended but Mr. Gerow does not have the financial means to obtain this testing. (A.R. 375). He also noted that counseling and medication would likely help his mental impairments, but again financial issues preclude Mr. Gerow from obtaining this treatment.

In September 2012, Mr. Gerow underwent a psychological consultative exam with Dr. Tim Kockler, Ph.D. (A.R. 338). Dr. Kockler diagnosed dysthymic disorder, schizoid personality disorder with avoidant features, rule out amphetamine abuse. (A.R. 342). He found that Mr. Gerow's mental status was in the below average range. (A.R. 342).

In May 2014, Mr. Gerow underwent a second psychological consultative exam with Dr. Kockler. (A.R. 357). At this point he diagnosed delusional disorder, somatic type, depressive disorder, and schizotypal personality disorder. (A.R. 362).

In July 2015, Mr. Gerow's current treating psychiatrist, Dr. Schafer, diagnosed psychosis and depressive disorder. (A.R. 456). He opined that due to his mental impairments, Mr. Gerow would be off task 15% or more of an 8 hour workday in the following areas: maintain attention and concentration for extended periods of time, perform activities within a schedule, sustain an ordinary routine without special supervision, and complete a normal workday or workweek without interruption from psychologically based symptoms. (A.R. 457). He stated that Mr. Gerow would be off task 15% or more of the workday in accepting instructions and responding appropriately to criticism from supervisors, and getting along with coworkers without distracting them or exhibiting behavioral extremes. (A.R. 457). Dr. Schafer also opined that Mr. Gerow would be limited in responding appropriately to changes in the work setting, traveling in unfamiliar places or using public transportation, and setting realistic goals or making plans independently of others. (A.R. 458).

**B. Hearing Testimony**

At the hearing, Mr. Gerow testified he was 42 years old. (A.R. 31). He is single and lives with his father. (A.R. 31). The last time he lived by himself was ten years ago for about one year. (A.R. 31). He completed high school and has not worked in eight years. (A.R. 32).

He left his previous job due to headaches and leg pain. (A.R. 32). Mr. Gerow has daily headaches severe enough that sometimes he is in bed for 2-4 hours of the day. (A.R. 34). They are accompanied by dizziness and nausea. (A.R. 34). The medication he takes for the headaches helps a bit, but makes him tired. (A.R. 34). He has pain and neuropathy in his legs and thighs. (A.R. 34). He can stand for 15-20 at a time and sit for about 45-60 minutes at a time. (A.R. 36). He takes olanzapine for his schizophrenia. (A.R. 37). It helps a bit, but the medication makes him very tired. (A.R. 37). He rarely goes out and does not use a computer. (A.R. 38). He has a driver's license, but does not drive. (A.R. 38). He does not do any chores and does not cook meals. (A.R. 39). He has severe stomach pain. (A.R. 40). He does not get along well with people and has difficulty maintaining concentration. (A.R. 40). He sleeps 14-16 hours a day. (A.R. 41).

### C. ALJ Decision

In his decision, the ALJ found that Mr. Gerow had the severe impairments of arthritis, delusional disorder, depressive disorder, and schizotypal personality disorder. (A.R. 12). At step 3 he found that Mr. Gerow did not meet a listing. (A.R. 12-13). The ALJ found that Mr. Gerow could perform medium work, with the following limitations: occasionally climb, balance, stoop, kneel, crouch, and crawl; he is able to tolerate occasional hazards, perform unskilled work (SVP 1-2) requiring no more than occasional interaction with co-workers, supervisors, and the general public; he is able to adapt to changes consistent with unskilled work. (A.R. 14).

With this RFC, the ALJ found that Mr. Gerow could not perform any of his past relevant work. (A.R. 19). However, the ALJ found that there was other work available that Mr. Gerow could perform. (A.R. 19). Therefore, he found Mr. Gerow was not disabled. (A.R. 20-21).

## STANDARD OF REVIEW

The Court's review of the Commissioner's decision is limited to determining whether her findings are supported by "substantial evidence and whether the correct legal standards were applied. *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted). The Court may neither reweigh the evidence, nor substitute its judgment for the Commissioner's. *Id.*

In its review, the Court should evaluate the record as a whole, including that evidence before the ALJ that detracts from the weight of the ALJ's decision. *Shepherd v. Apfel*, 184 F.3d 1196, 1199 (10th Cir. 1999). However, the reviewing Court should not re-weigh the evidence or substitute its own judgment for that of the ALJ. *Qualls v. Apfel,* 206 F.3d 1368, 1372 (10th Cir. 2000). Further, the Court "may not 'displace the agenc[y]'s choice between two fairly conflicting views, even though the Court would justifiably have made a different choice had the matter been before it de novo.'" *Lax* at 1084. Lastly,"[t]he failure to apply the correct legal standard[s] or to provide this Court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005).

In applying these standards, the Court has considered the Administrative Record, relevant legal authority, and the parties' briefs and oral arguments. The Court finds as follows:

## ANALYSIS

Mr. Gerow raises three issues on appeal. 1) Whether the ALJ erred by failing to properly evaluate the medical opinion evidence, specifically the opinions of Drs. Clark and Shaefer; 2) Whether the ALJ erred by failing to include specific limitations in Mr. Gerow's residual

functional capacity assessment for his limitations in concentration, persistence, and pace; and 3) Whether the ALJ failed to properly evaluate Mr. Gerow's credibility. For reasons set forth below, the Court remands the ALJ's decision for further analysis regarding the opinions from Mr. Gerow's treating physicians, Dr. Stephen Clark and Dr. David Shaefer. The ALJ should also explain how the RFC accommodates Mr. Gerow's specific mental impairments. In addition, the ALJ should further explain his analysis of Mr. Gerow's credibility to ensure that his erroneous evaluation of the treating physician opinions and Mr. Gerow's RFC did not inform his credibility determination.

### I. The ALJ Erred by Failing to Properly Evaluate the Treating Physician Opinions.

Mr. Gerow challenges the ALJ's evaluation of the opinions of Drs. Clark and Shaefer, two of his treating physicians. The record contains notes and an opinion as to Mr. Gerow's diagnoses and limitations submitted by his treating physician Dr. Stephen Clark. (A.R. 363-370). Dr. Clark diagnosed: degenerative disc disease, radiculopathy, chronic headaches, anxiety, depression, and probable schizoaffective disorder. (A.R. 368). He opined that Mr. Gerow's impairments were not expected to improve. (A.R. 368). This was in part due to Mr. Gerow's inability to afford treatment. Dr. Clark noted that a spinal MRI and CT scan of the brain were recommended but Mr. Gerow does not have the financial means to obtain this testing. (A.R. 375). He also noted that counseling and medication would likely help his mental impairments, but again financial issues preclude Mr. Gerow from obtaining this treatment. Dr. Clark also noted that compliance could be an issue in successfully using medication for his mental impairments. (A.R. 375). Due to his mental impairments, Mr. Gerow has delusions, paranoia, panic disorder, and suicidal ideation. (A.R. 367). He is withdrawn and has mood swings. (A.R.

367). Dr. Clark opined that Mr. Gerow was unable to work due to these impairments. (A.R. 370).

When evaluating a treating source opinion, the Regulations set out a two-part test for the ALJ to follow in determining what weight to afford the opinion. 20 C.F.R. § 404.1527(c)(2); 416.927(c)(2); *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003). First, the ALJ must decide if the opinion "is well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in [the] case record." *Id*. If the treating source opinion satisfies both criteria, then the inquiry ends, and the ALJ must give the opinion controlling weight. *Id*. If not, the ALJ must weigh the opinion using all the factors in § 404.1527(c) and 416.927(c). *Id*. After considering these factors, the ALJ must give "good reasons" for the weight he ultimately assigns the treating source opinion that are "sufficiently specific to make clear to any subsequent reviewers the weight the adjudication gave to the treating source's medical opinion and the reasons for that weight." *Id*. (*quoting* SSR 96-2p).

The Commissioner acknowledges that the opinion of Dr. Clark was not weighed by the ALJ. (Dkt. 20 at 9). However, she argues that any error is harmless because the form submitted by Dr. Clark "does not actually contain Dr. Clark's opinion regarding Plaintiff's functional limitations." (Dkt. 20 at 9). This Court does not agree. Dr. Clark's form contained diagnoses, discussed Mr. Gerow's inability to obtain treatment due to finances, and did contain information as to how his impairments would impact his ability to work. (A.R. 363-370). The ALJ should have considered Dr. Clark's conclusions as to Mr. Gerow's ability to work.

The acknowledged failure to evaluate this opinion is not harmless. The ALJ could have reached a different decision had this form been clearly evaluated. Furthermore, the failure to evaluate this opinion may have impacted the ALJ's RFC and credibility assessments.

Mr. Gerow also challenges the ALJ's evaluation of the opinion of Dr. David Shaefer, his treating psychiatrist. In July 2015, Dr. Schaefer filled out a residual functional capacity assessment. (A.R. 456). He opined that due to his mental impairments, Mr. Gerow would be off task 15% or more of an 8 hour workday in the following areas: maintain attention and concentration for extended periods of time, perform activities within a schedule, sustain an ordinary routine without special supervision, and complete a normal workday or workweek without interruption from psychologically based symptoms. (A.R. 457). He also noted that Mr. Gerow would be off task 15% or more of the workday in accepting instructions and responding appropriately to criticism from supervisors and getting along with coworkers without distracting them or exhibiting behavioral extremes. (A.R. 457). Dr. Schafer also opined that Mr. Gerow would be limited in responding appropriately to changes in the work setting, traveling in unfamiliar places or using public transportation, and setting realistic goals or making plans independently of others. (A.R. 458). Had these limitations been adopted by the ALJ, it would have directed a finding of disabled. However, the ALJ gave this opinion "little weight". (A.R. 18). The ALJ's stated reasons for rejecting the opinion of a treating psychiatrist are 1) it was the first time Dr. Schaefer had seen Mr. Gerow; 2) his findings were based on Mr. Gerow's subjective reports; and 3) his opinions are not supported by the objective medical evidence. (A.R. 18).

The Commissioner acknowledges that the ALJ's finding that Dr. Schaefer had only seen Mr. Gerow once is erroneous, however, she argues that the ALJ "reasonably considered the short

duration of their treatment relationship." (Dkt. 20 at 13). This Court cannot agree. Had the ALJ accurately characterized and understood Dr. Schaefer's treating history with Mr. Gerow, the ALJ may have given the opinion more weight which could impact the RFC assessment and credibility evaluation. Therefore, the Court remands the ALJ's decision to allow the opinion of Dr. Clark to be analyzed and weighed and for further explanation of his reasons for assigning the opinions of Dr. Shaefer little weight.

## II.  The ALJ Erred by Failing to Explain How the RFC Accounts for Mr. Gerow's Mental Limitations.

Mr. Gerow argues that the ALJ's RFC assessment failed to properly account for his finding that Mr. Gerow had moderate difficulties in concentration, persistence, and pace, and moderate difficulties in maintaining social functioning. (A.R. 13). The Commissioner argues that the ALJ's limitation to unskilled work adequately addressed these limitations. (Dkt. 20 at 20). As support for this premise, she cites to the case of *Vigil v. Colvin*, 805 F.3d 1199, 1204 (10th Cir. 2015). However, *Vigil* is clear that there are cases where a limitation to unskilled work does not adequately address a claimant's mental limitations. *Id. citing Chapo v. Astrue*, 682 F.3d 1285, 1290 n.3 (10th Cir. 2012). The Court finds this to be one of those cases. Social Security Ruling 85-15 states that there is a distinction between mental functions and skill level:

> Because response to the demands of work is highly individualized, the skill level of a position is not necessarily related to the difficulty an individual will have in meeting the demands of the job. A claimant's condition may make performance of an unskilled job as difficult as an objectively more demanding job….Any impairment-related limitations created by an individual's response to demand of work …must be reflected in the RFC assessment.

In this case, the ALJ made very few specific findings as to how Mr. Gerow's moderate limitation in concentration, persistence, and pace would impact his RFC. This makes it difficult for this Court to find that a limitation to simple work adequately addresses Mr. Gerow's

limitations. The ALJ did adequately address Mr. Gerow's limitations in social functioning by limiting him to no more than occasional interaction with co-workers, supervisors, and the general public. However, the ALJ's failure to specifically address Mr. Gerow's impairments in concentration, persistence, and pace in his RFC is an error that requires remand of the decision.

>    III.   **On Remand the ALJ Will Re-examine Mr. Gerow's Credibility in Light of the Treating Source Opinions and Mental RFC Assessment**.

Finally, Mr. Gerow argues that the ALJ did not properly evaluate his credibility due to errors in the ALJ's recital of Mr. Gerow's treatment history and activities of daily living and his failure to acknowledge Mr. Gerow's difficulty in affording treatment, as well as, his reports of medication side-effects. "When evaluating the credibility of an individual's statements, the adjudicator must consider the entire case record and give specific reasons for the weight given to the individual's statements." Social Security Ruling ("SSR") 96-7p; *see also, McGoffin v. Barnhart*, 288 F.3d 1248, 1254 (10th Cir. 2002)("findings as to credibility should be closed and affirmatively linked to substantial evidence and not just a conclusion the guise of findings.") *citing Huston v. Bowen*, 838 F. 2d 1125, 1133 (10th Cir. 1988).

In this case, the Court finds that the ALJ's analysis of Mr. Gerow's credibility is weak and may be impacted by the ALJ's failure to properly evaluate the opinions of Mr. Gerow's treating physicians and his failure to properly evaluate Mr. Gerow's mental RFC. For this reason, the Court instructs that on remand, the ALJ will re-evaluate Mr. Gerow's credibility in light of his re-examination of the medical opinion evidence and Mr. Gerow's mental RFC.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court REVERSES and REMANDS this case to the Commissioner. On remand, the Commissioner will specifically consider the evidence from Drs.

Clark and Shaefer and how these opinions impact the ALJ's findings as to Mr. Gerow's RFC and credibility.

DATED this 19th of December 2016.

_____
Evelyn J. Furse
United States Magistrate Judge